**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**GINA LARAE MANN,**<br><br>Defendant. | CR 25-57-BLG-WWM<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVER** |

The defendant, Gina Larae Mann, has filed a motion to sever, asking that this Court order a separate trial from that of her co-defendants, David Wayne Clauson and Michael John Nichols Jr. The motion was filed as an opposed motion and argued that severance was appropriate because a joint trial with codefendant Clauson would result in the introduction of Clauson's confession—a confession which included several statements that incriminate Mann. The defense argues that

1

this introduction would be in violation *Bruton v. United States*, 391 U.S. 123, 126-128 (1968) which forbids the introduction of a statement of one codefendant that incriminates another codefendant at a joint trial as a violation of the Sixth Amendment right to confrontation.

Upon review, the United States concludes that if a joint trial occurs it intends to introduce the incriminating statement made by Clauson. It further concedes that the statement includes various portions that also incriminate Mann in the drug trafficking charges in Counts 1 and 2. As such, the United States agrees with the defense that *Bruton* would be implicated at a joint trial.

The United States believes it could instruct any witness called to testify about the statement to refrain from discussing any part of the statement relating to Mann, but this might be prejudicial to codefendants Clauson and Nichols who might want to cross-examine those statements. Even setting the cross-examination issue aside, attempts to refrain from introducing such testimony are fraught with the possibility of unintended error. Given the seriousness of introducing such material, even inadvertently, the United States does not believe such a plan is feasible or wise.

///

///

///

As such, the United States does not oppose Mann's motion to sever her trial from that of her codefendants.

DATED this 6th day of January, 2026.

> KURT G. ALME
> United States Attorney
>
> */s/ Colin M. Rubich*
> COLIN M. RUBICH
> Assistant U.S. Attorney